

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,070-01

**EX PARTE DUSTIN MICHAEL APLAND, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 42,377-B-H-1 IN THE 124TH DISTRICT COURT FROM GREGG COUNTY

*Per curiam*. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use of a motor vehicle. He waived appeal.

The trial court sentenced Applicant to seven years in prison for this Gregg County UUMV conviction. The trial court cumulated (i.e., "stacked") the seven-year sentence with a sentence that was yet to be imposed in Upsher County in a different UUMV prosecution. *See* TEX. CODE CRIM. PROC. art. 42.08(a). Applicant was later sentenced to one year in the State Jail for that Upsher County case, and Texas prison officials are cumulating the two sentences. Applicant complains that such

cumulation is not authorized by the Code of Criminal Procedure, however, "because a sentence cannot be cumulated to a sentence to be imposed in a future case." The State agrees, writing in its answer as follows:

> The State concedes that the order for consecutive sentences in this case was wrong. Article 42.08 (a) states, "[I]n the discretion of the court, the judgment in the **second and subsequent convictions** may either be" run consecutively or concurrently. [Emphasis in original.] Because [Applicant] had yet to be convicted in Upshur County at the time of this [Gregg County conviction], the Upshur County cases could not form the basis of the order for this case to run consecutively to the Upshur County case.

The trial court recommends granting relief by reforming the judgment to eliminate the order requiring consecutive sentences.

The State's concession and the trial court's recommendation are supported by the habeas record and applicable law. *See* TEX. CODE CRIM. PROC. art. 42.08(a); *see also Licon v. State*, No. 13-11-00651-CR (Tex. App.—Corpus Christi Jul. 12, 2012); *Davis v. State*, Nos. 09-11-00173-CR and 09-11-00174-CR (Tex. App.—Beaumont Oct. 5, 2011); *Bollman v. State*, 02-08-00061-CR (Tex. App.—Fort Worth Jan. 22, 2009). Relief is granted. This Court holds that the judgment in Cause No. 42,377-B in the 124th District Court of Gregg County is reformed by eliminating the trial court's order requiring consecutive sentences.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 10, 2014
Do not publish